

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00131-CR

DATRON SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1420878D

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Datron Smith pled guilty to engaging in organized criminal activity by committing credit card fraud.[1] Following a bench trial on punishment, Smith was sentenced to seven years' incarceration.[2]

Smith's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel provided Smith with a copy of the brief, a motion for access to the appellate record, and the motion to withdraw. Counsel also informed Smith of his right to review the record and file a pro se response. Smith did not request access to the appellate record. Smith's pro se response, if any, was due on or before November 16, 2016. Smith did not file a pro se response and did not request an extension of time in which to file such a response.

---

[1]*See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2016).

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record, and we agree that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[3]


Bailey C. Moseley
Justice

Date Submitted:     January 4, 2017
Date Decided:       February 16, 2017

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of Appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should Appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.